IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY RASHAD BLOCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-00397-N |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brittany Rashad Blocker brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for supplemental security income ("SSI") and child's insurance benefits. The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 24, 25. Parties agreed to waive oral argument in this action. Doc. 26.

Upon consideration of the administrative record ("R.") (Doc. 15), Plaintiff's Brief (Doc. 17), and the Commissioner's Brief (Doc. 20), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 24.

## I.    Procedural Background

Plaintiff filed an application for SSI on December 6, 2011 (*see* R. 145-50), alleging a disability onset date of January 1, 2011. *See* R. 145. The disability onsent date was later amended to December 1, 2011. R. 72. Her application was initially denied. *See* R. 98-103. Hearings were conducted before Administrative Law Judge Ronald Reeves ("the ALJ") on July 1, 2013. *See* R. 69-87. On November 13, 2013, the ALJ issued the decision, now before this Court, finding Plaintiff not disabled. R. 49-68. The Appeals Council issued a decision declining to review the ALJ's determination on July 15, 2015 (*see* R. 1-3), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on August 7, 2015. *See* Doc. 1.

## II.    Factual Background

Plaintiff is a resident of Moundville, Alabama, born July 15, 1991. R. 110. She was 21 at the time of the hearing before the ALJ. R. 69, 145. She completed high school, but has no further education or job-training. R. 63, 201. She has no past relevant work experience. R. 63. She has not performed substantial gainful activity since before the alleged onset date of December 1, 2011. R. 72-73. Plaintiff suffers from a number of medical issues, including morbid obesity, diabetes mellitus, obstructive sleep apnea, and a blood coagulation disorder. R. 55. She has been treated by several physicians, including Jeffery C. Laubenthal, M.D.; Dr. Richard M. Snow, M.D.; and Dr. Tonya Cook Boyd, M.D. R. 59-60. She has been evaluated by two mental health professionals: Robert Estock, M.D., a state agency psychiatrist;

2

and John R. Goff, Ph.D., a private practitioner. R. 61. She has been prescribed Clonidine (for blood pressure), Metformin (for Type 2 diabetes mellitus), Lisinopril (for hypertension), Celexa (for depression), and she uses a C-PAP machine for sleep apnea. R. 59-60.

## III. Claims on Appeal

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.,* not supported by substantial evidence) on the following grounds:

1. The ALJ's residual functional capacity (RFC) findings are inconsistent with his rationale.
2. The ALJ did not adequately consider obesity.
3. The ALJ erred in failing to develop the record by obtaining a medical source opinion.

Doc. 17 at 3.

## IV. Standard of Review

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*);

and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V. Analysis

**A. The ALJ did not commit harmful error by making a statement partially inconsistent with the ALJ's RFC assessment.**

Plaintiff first contends that the ALJ erred by stated that the RFC reflected a "sedentary" level of exertion. Doc. 17 at 3-4. Plaintiff is correct in that the ALJ's lifting tolerances were in the "light" category, rather than the "sedentary" category. The ALJ's assigned lifting tolerance was "twenty pounds occasionally and ten pounds frequently," (R. 58 *compare* 20 C.F.R. § 404.1567(b)), whereas sedentary exertion calls for only ten pounds occasionally. *See* 20 C.F.R. § 404.1567(a). However, the ALJ also found that Plaintiff could "sit up to six hours in an eight-hour day, and stand or walk in combination no more than two hours in an eight-hour day," which is indicative of sedentary exertion levels. R. 58 *compare* 20 C.F.R. § 404.1567(a); 20

C.F.R. § 416.967(a). Thus, it is not baseless for the ALJ to describe the RFC as "sedentary." In any case, this description cannot rise above a harmless error, since the all of the limitations described by the ALJ were communicated to and considered by the Vocational Expert (VE) in making in his testimony. R. 82-84. The VE testified that there were at least three *sedentary*-type jobs that the Plaintiff would be able to perform in the state and national economy. R. 83-84. Since adequate jobs existed which the Plaintiff could perform, the ALJ's description of the RFC as "sedentary," did not affect the outcome of his determination and is thus not a reversible error. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).

Plaintiff also contends in this assignment of error that the ALJ's RFC determination is inadequate because it fails to include postural limitations. Doc. 17 at 4. The RFC stated that Plaintiff "is not able to climb ladders, ropes, or scaffolds." R. 58. Climbing is among an individual's postural abilities or limitations in performance of work. SSR 96-8p, 1996 WL 374184. Thus, the ALJ's RFC did properly include reference to the Plaintiff's postural abilities. This assignment of error is consequently overruled.

### B. The ALJ adequately considered Plaintiff's obesity.

Plaintiff next contends that the ALJ did not adequately consider her obesity in making the RFC determination. Doc. 17 at 6-7. This argument is partially based on Plaintiff's contention that the ALJ did not include postural limitations in the RFC. *Id.* As discussed above, the ALJ did in fact include postural limitations. Additionally, the ALJ gave explicit consideration to Plaintiff's obesity in formulating

the RFC:

> [Plaintiff's] level of obesity represents the greatest risk of developing obesity-related impairments, according to SSR 02-1p. In accordance with SSR 02-1p, the [ALJ] has evaluated the claimant's obesity and accompanying impairments in terms of their possible effects on the claimant's ability to work. The claimant's obesity is not so severe as to prevent all ambulation or exertional maneuvers. However, in combination with her obstructive sleep apnea, this condition significantly reduces the claimant's ability to sit, stand, walk, lift, carry, push, pull, and perform in a poor breathing environments.

R. 61. The ALJ's evaluation of Plaintiff's obesity and its effects on her ability to work comes after extensive discussion of the medical sources. R. 58-61. The burden is on the Plaintiff to prove that she is disabled (*Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)), but Plaintiff fails to show how her obesity entitles her to any additional functional limitations beyond that which the ALJ included. Doc. 17 at 6-7 *compare* R. 58-63. The ALJ carefully considered the medical evidence concerning obesity (R. 58-61), which this Court cannot now re-weigh. *Davison*, 370 Fed. App'x at 996. Since the ALJ's consideration of Plaintiff's obesity is supported by substantial evidence, this assignment of error is overruled.

C.     **The ALJ adequately developed the record.**

Finally, the Plaintiff argues that the ALJ failed to adequately develop the record because the ALJ did not consider the opinion of a physician as to Plaintiff's functional limitations. Doc. 17 at 8. Plaintiff is correct that no particular physician expressed an opinion as to Plaintiff's functional abilities. *See, e.g.*, R. 58-63. However, the ALJ did consider the opinions of Plaintiff's treating physicians, which he gave "significant weight." R. 62. Concerning the findings of these physicians, the

ALJ stated that, "[a]lthough they did not offer opinions concerning the claimant's functional limitations, their findings and records have been useful in determining the full scope of the claimant's impairments." *Id*. The ALJ also considered the opinions of consulting experts Dr. Estock and Dr. Goff, and the third-party function report completed by Plaintiff's mother. *Id*.

The RFC completed by the ALJ is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p 1996 WL 374184. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Id*. The RFC assessment must be "based on all of the relevant medical and other evidence" present in the case record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). At the administrative hearing level of review, the ALJ is "responsible for assessing" a claimant's RFC. 20 C.F.R. §§ 4041546(c), 416.946(c). However, "an ALJ's RFC assessment may be supported by substantial evidence even in the absence of an opinion by an examining medical source about a claimant's residual functional capacity." In the instant case, the ALJ considered all of the relevant medical evidence, including physician opinions which he gave "great weight." *See* R. 58-63. Thus, the RFC is supported by adequate medical evidence and this assignment of error is overturned.

**D.   The ALJ relied on substantial evidence in making the RFC assessment and in finding that the Plaintiff could perform other work.**

Finally, the ALJ's RFC determination, and his subsequent determination that the Plaintiff can perform sedentary work existing in the national economy, are supported by substantial evidence as required by *Jones* (190 F.3d at 1228) and *Crawford* (363 F.3d at 1158-59). In making the decision, the ALJ relied on the opinions, assessments, and treatment notes of the three physicians discussed above a Ph.D. psychologist, and a vocational expert. R. 54-65. As required by the Eleventh Circuit, the evidence relied upon is "more than a scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support [the ALJ's] conclusion." *See Martin v. Sullivan*, 894 F. 2d 1520, 1529 (11th Cir. 1990) (internal citations omitted). In the last analysis, the record evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.  Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits is **AFFIRMED**.

**DONE** and **ORDERED** this the 1st day of August 2016.

 */s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**